UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DESHAWN TYSON,
    *Plaintiff*,

v.    Case No. 3:21-cv-326 (JAM)

CITY OF NEW HAVEN, *et al.*,
    *Defendants*.

## ORDER OF DISMISSAL

Plaintiff Deshawn Tyson is a prisoner of the Connecticut Department of Correction. He has filed a complaint alleging violations of his federal civil rights in connection with his arrest and prosecution for sexual assault. Because it appears that Tyson's claims necessarily imply the invalidity of his convictions and ongoing imprisonment, I conclude that they are primarily foreclosed under the rule of *Heck v. Humphrey*, 512 U.S. 477 (1994). Therefore, I will dismiss the complaint pursuant to 28 U.S.C. § 1915A.

### BACKGROUND

The complaint names as defendants the City of New Haven and three New Haven police officers: Detective Lucille Roach, Detective Curtis Miller, and Sergeant Joe Dease.[1] The complaint also names as defendants two DNA analysts from the State of Connecticut's forensic science laboratory: Leeha Timm and Dan Renstrom.[2]

The complaint alleges that Detectives Roach and Miller executed an arrest warrant for Tyson on March 10, 2016 on charges of sexual assault in the first degree, unlawful restraint in the first degree, and conspiracy to commit sexual assault in the first degree.[3] According to Tyson, Detectives Roach and Miller maliciously and recklessly omitted material information

---

[1] Doc. #1 at 2 (¶¶ 2-5).
[2] *Id.* at 2-3 (¶¶ 6-7).
[3] *Id.* at 3 (¶ 8).

from the arrest warrant and submitted false or misleading information regarding the results of DNA testing by Timm and Renstrom.[4] Tyson further claims that Timm and Renstrom conspired with the New Haven police to falsely implicate him using doctored DNA evidence.[5] According to Tyson, the first degree sexual assault charge "was thrown out."[6]

That is all the complaint says about Tyson's state prosecution, but court records tell the rest of the story.[7] They show that Tyson was arrested on March 10, 2016, that he entered a plea of guilty to one count of unlawful restraint in the first degree in violation of Conn. Gen. Stat. § 53a-95, and that he was sentenced to a term of three years of imprisonment.[8] There is no record of Tyson appealing from or otherwise challenging this conviction.

In the meantime, Tyson's arrest on March 10, 2016 also led to probation violation proceedings stemming from Tyson's prior conviction in 2006 for first-degree sexual assault. *See Tyson v. Warden*, 2007 WL 4171583, at *1 (Conn. Super. Ct. 2007). A state court judge found Tyson had violated the terms of his probation and sentenced him to serve the remaining nine years of incarceration that had been suspended as part of his original sentence, and the Connecticut Appellate Court affirmed this judgment in 2019. *See State v. Tyson*, 187 Conn. App. 879 (*per curiam*), *cert. denied*, 331 Conn. 919 (2019); *see also State v. Tyson*, 2020 WL 9255221, at *1 (Conn. Super. Ct. 2020) (sentence review decision affirming sentence).

---

[4] *Id.* at 4-5, 8-10 (¶¶ 11-14, 22-26).
[5] *Id.* at 4-6, 8 (¶¶ 10, 15, 21).
[6] *Id.* at 6 (¶ 16).
[7] The Court takes judicial notice of these court proceedings as public documents. *See Bristol v. Nassau Cnty.,* 685 F. App'x 26, 28 (2d Cir. 2017).
[8] *See* Connecticut Judicial Branch Criminal/Motor Vehicle Conviction Case Detail, *State v. Deshawn Tyson*, Dkt. No. NNH-CR16-0165313-T, available at https://www.jud2.ct.gov/crdockets/DocketNoEntry.aspx?source=Disp (last accessed May 10, 2022).

Tyson claims that in February 2020 he learned from speaking to his investigator and conducting his own investigation that the defendants had used false and misleading information to initiate the 2016 criminal proceeding against him.[9] In broad terms, Tyson alleges that the individual defendants framed him for sexual assault and then fabricated, tampered with, destroyed, and failed to disclose key evidence during the investigation and resulting criminal proceedings.[10]

More particularly, Tyson claims that Detectives Roach and Miller deliberately omitted exculpatory DNA report information from the arrest warrant application.[11] Tyson further claims that Detectives Roach and Miller omitted from the warrant application that they had failed to have the victim or any other witness identify Tyson or the second suspect alleged to have committed the crime.[12] Finally, Tyson claims that the defendants conspired to destroy exculpatory evidence found at the crime scene, including a "used condom, pubic hair, head hair, condom package, fingerprints, semen stains on sheets, [and a] blood smear on towel," and that Detective Roach intentionally falsified reports and obstructed an investigation "in her scheme to ensure the plaintiff['s] arrest by any means."[13]

The complaint alleges claims arising under 42 U.S.C. §§ 1983, 1985, and 1986, including for conspiracy to violate Tyson's Fourth Amendment rights against unlawful seizure and malicious prosecution, his Fifth and Sixth Amendments rights to due process and the disclosure of exculpatory evidence, and his First Amendment right of access to the courts.[14] He also alleges

---

[9] Doc. #1 at 6 (¶ 16).
[10] *Id.* at 7-8 (¶¶ 20-21).
[11] *Id.* at 9-10 (¶¶ 24, 26)
[12] *Id.* at 9 (¶ 25).
[13] *Id.* at 10 (¶ 27).
[14] *Id.* at 11-12.

3

claims under state law for intentional infliction of emotional distress and spoliation of evidence.[15]

Tyson seeks money damages against each of the five defendants.[16] He also seeks injunctive relief to require the defendants to disclose all information, incident reports, police reports, witness statements, video footage, photos, field notes, emails, memoranda, hospital reports, and DNA reports related to his state court prosecution.[17]

## DISCUSSION

Pursuant to 28 U.S.C. § 1915A, the Court must review a prisoner's civil complaint against a governmental entity or governmental actors and "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." If the prisoner is proceeding *pro se*, the allegations of the complaint must be read liberally to raise the strongest arguments that they suggest. *See Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010).

The Supreme Court has set forth a threshold "plausibility" pleading standard for courts to evaluate the adequacy of allegations in federal court complaints. A complaint must allege enough facts—as distinct from legal conclusions—that give rise to plausible grounds for relief. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Notwithstanding the rule of liberal interpretation, a *pro se* complaint may not survive

---

[15] *Id.* at 13-14.
[16] *Id.* at 15.
[17] *Ibid.* Tyson has previously filed several other federal court actions in the District of Connecticut raising similar claims against some of the same defendants. *See Tyson v. Roach et al.*, No. 3:17-cv-731; *Tyson v. Clifford et al.*, No. 3:18-cv-1600; *Tyson v. Dease et al.*, No. 3:18-cv-1969. None of these actions are presently pending, and I have no occasion at this juncture to address whether these actions have any preclusive or other effect in this case.

dismissal if its factual allegations do not meet the basic plausibility standard. *See, e.g.*, *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015).

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that in order "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486–87.[18] Thus, if a determination favorable to a plaintiff in a § 1983 action "would necessarily imply the invalidity of his conviction or sentence," *id.* at 487, the plaintiff must first allege and prove that the conviction or sentence has been reversed on direct appeal or otherwise declared invalid before he can recover damages under section 1983.

The rule of *Heck v. Humphrey* generally forecloses a prisoner's use of a federal § 1983 action to "end run" the procedural requirements of a direct appeal or habeas corpus petition in order to challenge a state court conviction. The *Heck* rule applies with equal force to civil rights claims under 42 U.S.C. § 1985 and § 1986 as it does to claims under § 1983. *See Amaker v. Weiner*, 179 F.3d 48, 52 (2d Cir. 1999). And the *Heck* rule applies to challenges to revocations of probation or parole just as it applies to a challenge to an initial conviction. *See Lee v. Donnaruma*, 63 F. App'x 39, 41 (2d Cir. 2003).

Tyson has not shown that any of his state convictions or his revocation of probation have been invalidated. To the contrary, he entered a plea of guilty to first-degree restraint, and it does

---

[18] For purposes of readability, my quotations from court decisions in this ruling omit internal citations, quotation marks, and bracketing unless otherwise noted.

not appear that he has filed any kind of challenge to this conviction. Although Tyson challenged the separate revocation of his probation, he lost in the trial court and again on appeal.

Tyson's challenges to the reliability of the evidence presented against him necessarily attack the validity of his conviction and confinement. Success on his varied claims of wrongful withholding of exculpatory evidence, fabrication of inculpatory evidence, and denial of access to the courts would directly undermine the fairness of his trial and ultimate conviction. *See McDonough v. Smith*, 139 S. Ct. 2149, 2156 (2019) (defendant "could not bring his fabricated-evidence claim under § 1983 prior to favorable termination of his prosecution"); *Poventud v. City of New York*, 750 F.3d 121, 132 (2d Cir. 2014) (*en banc*) ("*Brady*-based § 1983 claims necessarily imply the invalidity of the challenged conviction in the trial (or plea) in which the *Brady* violation occurred.") (emphasis omitted); *Dennis v. Costello*, 189 F.3d 460, at *1 (2d Cir. 1999) (unpublished table decision) (*Heck* applies to access-to-court claims that challenge the validity of a past conviction).

Indeed, Tyson's claims are akin to the type of claims at issue in the *Heck* decision itself, which foreclosed a prisoner's claim of an "unlawful, unreasonable, and arbitrary investigation" leading to his arrest and a claim for "knowingly destroy[ing] evidence which was exculpatory in nature and could have proved [his] innocence." 512 U.S. at 479. Accordingly, I conclude that Tyson's claims for money damages are barred by *Heck* to the extent that they are based on claims of malicious prosecution, unlawful seizure, false arrest, lack of due process, and denial of access to the courts.

As noted above, Tyson also seeks injunctive relief to require the defendants to disclose information including police reports, witness statements, video footage, photographs, and DNA

reports. If this request is liberally construed as a separate cause of action seeking to assert a due process right of access to potentially exculpatory information, it is not precluded by *Heck* because it does not necessarily imply the invalidity of Tyson's convictions or revocation of probation. *See Skinner v. Switzer*, 562 U.S. 521, 534 (2011) (*Heck* does not bar § 1983 claim seeking DNA testing of crime-scene evidence because success on that claim "would not necessarily imply the invalidity of his conviction" in that "[w]hile test results might prove exculpatory, that outcome is hardly inevitable" and the "results might prove inconclusive or they might further incriminate Skinner").

Nevertheless, the claim fails for a different reason. A prisoner who sues under § 1983 to obtain post-conviction access to potentially exculpatory evidence must allege not only that he has a liberty interest in such access but also that the post-conviction relief procedures afforded him under state law are fundamentally inadequate to gain such access. *See Dist. Attorney's Off. for Third Jud. Dist. v. Osborne*, 557 U.S. 52, 68–72 (2009); *McKithen v. Brown*, 626 F.3d 143, 151–55 (2d Cir. 2010).

Assuming that Tyson has a liberty interest in the information he seeks, he does not allege facts to suggest that Connecticut's post-conviction relief procedures are fundamentally inadequate to secure his right of access to that information. For example, to the extent that he seeks potentially exonerating DNA evidence, Connecticut law provides that "any person who was convicted of a crime and sentenced to incarceration may, at any time during the term of such incarceration, file a petition with the sentencing court requesting the DNA testing of any evidence that is in the possession or control of the Division of Criminal Justice, any law enforcement agency, any laboratory or the Superior Court." Conn. Gen. Stat. § 54-102kk(a); *see*

7

*also Nelson v. Preleski*, 2020 WL 4937991, at *8 (D. Conn. 2020) (concluding that "there is nothing inadequate about the procedures Connecticut has provided to vindicate its state right to postconviction relief in general, and nothing inadequate about how those procedures apply to those who seek access to DNA evidence"), *appeal dismissed sub nom. Nelson v. Rovella*, 2021 WL 1010582 (2d Cir. 2021). I will therefore dismiss Tyson's claim seeking post-conviction access to potentially exculpatory information in the absence of any showing that Connecticut law denies him any right of access to such information.

Because Tyson has not alleged any plausible grounds for relief under federal law, only his state law causes of action remain. I decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) over the state law claims, because "when all federal claims are eliminated in the early stages of litigation, the balance of factors generally favors declining to exercise pendent jurisdiction over remaining state law claims and dismissing them *without* prejudice." *Tops Markets, Inc. v. Quality Markets, Inc.*, 142 F.3d 90, 103 (2d Cir. 1998).

## CONCLUSION

For the reasons stated above, the Court DISMISSES without prejudice all of Tyson's claims under federal law pursuant to 28 U.S.C. § 1915A(b)(1) and declines to exercise supplemental jurisdiction over Tyson's state law claims pursuant to 28 U.S.C. 1367(c)(3).

If Tyson has grounds to allege a claim that overcomes the concerns stated in this ruling, then he may file an amended complaint within 30 days from today. In the meantime, the Clerk of Court shall close this case subject to re-opening in the event that Tyson decides to timely file an amended complaint.

It is so ordered.

Dated at New Haven this 10th day of May 2022.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge